# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-0378V

|  |  |
|---|---|
| WADE GREEN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 20, 2024 |

*Bradley S. Freedberg*, Denver, Colorado, for Petitioner.

*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

   On April 3, 2020, Wade Green filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he received an influenza vaccine on November 9, 2018, and thereafter suffered a left-sided shoulder injury related to vaccine administration. Petition, ECF No. 1. On September 1, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and a Motions Day hearing. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $74,085.75 (representing $73,685.75 for fees and $400.00 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Oct. 10, 2023, ECF No. 57. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1.

Respondent reacted to the motion on Oct. 18, 2023, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 58.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

*A. Hourly Rates*

The hourly rates requested for Attorneys Bradley Freedberg and Gurney Pearsall, III, for time billed in the 2020-23 timeframe are reasonable and consistent with prior determinations and will therefore be awarded herein. The total amount of fees to be awarded herein, however, requires adjustment.

*B. Non-Compensable Tasks and Block Billing*

Counsel spent time spent on tasks which are not reimbursable. Specifically, the billing records reflect 3.70 hours[3] billed for non-compensable work and/or tasks considered administrative in nature, some of which were grouped together with billable tasks, making it difficult to decipher the amount of time spent on each task. For instance, conducting internal meetings to discuss taking on the case, preparing the retainer agreement, and answering client's billing and/or fees related questions are considered administrative tasks that are not reimbursable. *See* ECF No. 57-2. In the Vaccine Program, administrative work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).

Furthermore, the invoices reflect time billed for performing background research into basic Program matters, as opposed to the specifics of this claim. Reasonable fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

---

[3] Examples of non-compensable/administrative tasks and block-billing: 2/2/20: "Discussed the interview and similar cases with GP and agreed to take on the case," 2/3/20: "Drafted and sent retainer. Took a call from Mr. Green, advised further about the timeline, and answered questions about fees," 12/10/20: "Reviewed Vaccine Rules, Guidelines to VICP practice, and VICP case law on what to do when a provider refuses to certify records." See ECF No. 57-2.

### C. Paralegal Tasks Billed at Attorney Rates and Block Billing

Additionally, there are several instances in which tasks that are considered paralegal in nature were billed at an attorney's hourly rates - totaling 8.95 hours.[4] *See* ECF No. 57-2. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Attorneys Freedberg and Pearsall also billed a total of 8.85 hours[5] on paralegals tasks which were grouped with other tasks considered to be attorney level work. Since several paralegal tasks are billed on the same entry as other tasks, I am unable to identify the amount of time spent on each kind of task. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Rather, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[6] Several tasks lumped together with one-time entry impedes assessment of the reasonableness of the request.[7]

---

[4] Examples of paralegal tasks billed at attorney rates: 10/15/20: "Resubmitted certification requests to the six unresponsive providers," 3/27/20: "Reviewed additional medical records. Scanned them page by page…" 4/9/20: "Printed and scanned the two new medical docs…" 5/3/20: "Revised notice of filing, re-ordered and re-stamped medical files…" 5/10/20: "Drafted requests for certified records to seven providers…" 5/11/20: "Prepared and submitted the requests for records…" 12/11/20: "Drafted notice of filing for certified records, followed up with two providers…" 12/19/20; 12/21/20; 2/17/21; 12/8/21; 12/29/21; 12/30/21. *Id.*

[5] Examples of paralegal tasks block-billed with attorney-level work: 5/3/20: "Revised notice of filing, re-ordered and re-stamped medical files, drafted status report. Drafted HIPPA auth…," 8/19/20: "Conferred with BP, then drafted and resubmitted requests for certified records to seven providers," 11/9/20: "Resubmitted certification requests…Updated client on the progress…" 12/19/20: "Received the certifications, revised notice of filing, reviewed 105 pages of community health records and updated summary…" 12/8/21; 12/29/21. *Id.*

[6] The Guidelines for Practice can be found at: http://www.cofc.uscourts.gov/vaccine-guidelines.

[7] Other examples of block-billing entries: 1/2/22: "Reviewed HHS status report, discussed with BF, updated client," 3/28/20: "Drafted NOF, and petitioner's affidavit…" 4/3/20: "Reviewed records and pleadings, amended as appropriate…Filed case, updated client…" 4/6/20; 4/8/20; 1/2/21; 2/16/21; 9/29/21; 11/12/21;

4

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. I thus account for the foregoing by reducing the total fees to be awarded herein by fifteen percent as a fair adjustment to account for the billing issues. This results in an overall reduction in the amount of fees to be awarded of **$11,052.86**.[8]

Lastly, I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed May 27, 2022, ECF No. 27 (reporting an impasse in settlement discussions); Petitioner's Brief in Support of Damages, ECF No. 28; and Petitioner's Reply Brief, ECF No. 30. Petitioner's counsel expended approximately 3.95 hours drafting the brief in support of damages; and 2.85 hours drafting the reply brief, totaling 6.80 hours. ECF No. 57-2. I find this amount of time to be reasonable and will award the attorney's fees requested.

Petitioner has provided supporting documentation for all claimed costs, ECF No. 57-3. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $63,032.89 (representing $62,632.89 for fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Bradley S. Freedberg.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

---

6/16/22; 6/19/22; 8/31/22; 9/7/22; 9/19/22 (two entries); 10/4/22; 10/22/22; 1/14/23; 3/15/23; 4/12/23; 7/14/23; 8/24/23; 8/25/23. *Id.*

[8] This amount is calculated as ($73,685.75 x 0.15) = $11,052.86.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
